MAYOR AND ALDERMEN OF THE CITY OF PATERSON v.
WEST ORANGE WATER COMPANY.

Argued February 20, 1913—Decided June 14, 1913.

1. A water company incorporated October 25th, 1892, under the
   Water Company act of 1876 is authorized to condemn land and
   to divert water although they are not in the neighborhood of
   the municipality to be supplied.
2. A water company incorporated October 25th, 1892, under the
   Water Company act of 1876 is authorized to condemn land and
   divert water for the purpose of enabling it to fulfill contracts with
   municipalities other than that in which its works are situated.

On *certiorari.*

Before Justices SWAYZE, VOORHEES and KALISCH.

For the prosecutor, *John W. Griggs* and *William B. Gour-
ley* (*Edward F. Merrey* on the brief).

For the defendant, *Gilbert Collins* (*Michael T. Barrett,
Daniel J. Murray* and *Davis & Hastings* on the brief).

The opinion of the court was delivered by

SWAYZE, J.   Some of the questions raised in this case have
been disposed of by the opinions in *Paterson* v. *Jersey City,
ante p.* 454, and *Paterson* v. *Kearny, ante p.* 456.   In the
present case the condemning agency is an incorporated water
company, and the prosecutor challenges its authority to con-
demn.   That authority is to be found in the Water Company
act of 1876.   *Comp. Stat., p.* 3635.   It is said to be insuffi-
cient to warrant the proceeding for three reasons—*first,* be-
cause the power to condemn is limited to land in the neighbor-
hood of the municipality to be supplied with water; *second,*
because power can only be exercised for the supply of the
municipalities the company was incorporated to supply, and
the defendant seeks to condemn to enable it to fulfill contracts

for the supply of other municipalities; *third,* because only two years was allowed by the statute for the completion of the works and that time has expired. In support of the first reason, the prosecutor relies on section 4, which enacts that it shall be lawful for the corporation to enter upon any land in the neighborhood of the municipality which it is intended to supply with water and to make such preliminary examinations, explorations, measurements and levelings as may be necessary and proper for its corporate purposes. This, however, is not the section that gives the corporation power to divert water (section 3) nor the section that gives it power to condemn (section 5). It is authorized by the former to take and divert any and all such springs and streams of water as shall be necessary and proper to enable the corporation to carry into effect the purposes of its incorporation. It is authorized by the latter to condemn any spring or springs, stream or streams of water for the purpose of its corporation. There is no limitation in either of these sections to land in the neighborhood of the municipality. We agree with the counsel for the defendant that the limitation applies only to the right of entry for preliminary examination and exploration; and that to construe the sections authorizing the taking and the condemnation as limited in the same way would make the grant nugatory since any diversion from a stream may affect lower riparian owners at a great distance, and unless their rights can be condemned the water company would not be helped by the condemnation of land in the immediate neighborhood. It is hardly necessary to add that section 4 applies by its language only to an entry on land, while section 5 authorizes the condemnation of the right to divert water. Section 4 seems to be intended to confer an additional power, not to limit the power conferred by sections 3 and 5. The right to take, and the right to condemn, are both limited to the purposes of the corporation, and the argument of the prosecutor is that the water company was incorporated only for the purpose of supplying West Orange, while it now seeks to condemn in order to enable it to fulfill contracts for the sale of water to other municipalities. The certificate of incorporation states that

the defendant is incorporated for the purpose of constructing, maintaining and operating water works in the township of West Orange, and for the purpose of supplying such township and the inhabitants thereof with water.   It follows the language of section 1 of the act of 1876.   It states two purposes —*first,* the construction, maintenance and operation of water works, and *second,* the supply of West Orange and its inhabitants with water.   The latter purpose does not necessarily limit the scope of the former.   By the very words of the statute the two purposes are treated as distinct, and the word "purposes" is used not once but twice.   The words naturally mean that the company must serve both purposes, but they do not limit the object of constructing, maintaining and operating the works to the purpose of supplying West Orange with water.   If the latter clause had not been connected with the former by the conjunction "and," it might have been forcibly contended that the latter purpose was a limitation upon the former; the use of the conjunction is an indication to the contrary.   It would of course be too narrow to rest the case upon this mere grammatical construction alone.   The certificate must be read in the light of the statutory law existing at its date, October 25th, 1892.   In 1883 companies incorporated under the act of 1876 were authorized to extend their mains and supply water beyond the corporate limits of the municipality (*Comp. Stat.,* p. 3641, *pl.* 649), and in 1888 general power was given to municipalities to contract with water companies for a water-supply.   The same year, by an amendment of section 15, companies incorporated under the act of 1876 were given the same right that was originally given to specially chartered aqueduct companies, to add to and to extend their works; the proviso that was inserted indicates that the legislature anticipated that this privilege might be used by the companies for the purpose of supplying other municipalities, and it therefore enacted that the section should not be deemed, taken or construed to empower or authorize any water company to supply water within the corporate limits of any city owning or controlling its water-supply.   In the light of this legislation, the language of the certificate of incorporation must be

construed as authorizing the defendant to supply water to municipalities other than West Orange.

The objection that the two years allowed by the statute for the completion of the works has elapsed is not tenable, since section 15 expressly authorizes extensions from time to time.

None of the reasons alleged against the appointment of commissioners is sustained. The proceedings are affirmed, with costs.